1 HOLLY S. HANOVER, Esq.
California State Bar Number 177303
2 3132 Third Ave. #101
San Diego, CA 92103
3 Telephone: (619) 295-1264
E-Mail: Netlawyr@aol.com
4 Attorney for Defendant, Mr. Luis Gilberto Jimenez Ruiz

5

## UNITED STATES DISTRICT COURT
6 ## SOUTHERN DISTRICT OF CALIFORNIA
### (THE HON. DANA M. SABRAW)
7

8 UNITED STATES OF AMERICA,              )    CASE NO. 07cr3416-DMS
           Plaintiff,                    )
9                                        )    DATE: January 25, 2005
v.                                       )    TIME: 11:00 a.m.
10                                       )
LUIS GILBERTO JIMENEZ RUIZ,              )    STATEMENT OF FACTS AND
11         Defendant.                    )    MEMORANDUM OF POINTS AND
                                         )    AUTHORITIES IN SUPPORT
12 _____       )    OF DEFENDANT'S MOTION
                                         )
13                              I.

14                    STATEMENT OF FACTS

15      The following statement of facts is based, in part, on the

16 indictment, the complaint and initial statement of facts and other

17 information provided by the United States Attorney's office. Counsel

18 has received no discovery thus far. The facts set forth in these

19 motions are subject to amplification and/or modification at the time

20 these motions are heard and are not adopted by the defense.

21      On or about December 4, 2007, at approximately 9:45 p.m., CHP

22 officer Carlos Flores conducted a traffic stop on a white Ford F-150 (CA

23 lic. 6f77032). The officer saw the truck drift across a broken, painted

24 white line without signaling which was in violation of CVC section

25 21658(a). Officer Flores asked the driver, later identified as Luis

26 Gilberto Jimenez Ruiz, for his driver's license, and according to the

27 officer, Mr. Jimenez responded, "I don't have a driver's license, I am

28 an illegal and I don't know where the documents for this vehicle are".

1   When asked where he was headed, Mr. Jimenez replied that he was doing
2   a favor for a friend.  The officer asked what type of favor, and Mr.
3   Jimenez responded, "I'm supposed to deliver some weapons which are in
4   a box, in the back seat of the truck".

5        Mr. Jimenez was detained and the search of the truck revealed a
6   cardboard box which contained an "unknown" number of rifles as well as
7   boxes of ammunition.  After his arrest, Mr. Jimenez was later
8   interrogated, but the circumstances surrounding that interrogation are
9   not clear.  He made additonal statements during this time. He is
10  currently in custody and the case is pending before this court.

11                                  II.

12       **THE COURT SHOULD COMPEL THE GOVERNMENT TO PRODUCE DISCOVERY**

13       Luis Gilberto Jimenez Ruiz makes the following discovery motion
14  pursuant to Rule 12(b)(4) and Rule 16.  This request is not limited to
15  those items that the prosecutor has actual knowledge of, but rather
16  includes all discovery listed below that is "in the possession, custody,
17  or control of any federal agency participating in the same investigation
18  of the defendant." United States v. Bryan, 868 F.2d 1032, 1036 (9th
19  Cir.), cert. denied, 493 U.S. 858 (1989).

20       *Mr. Jimenez Ruiz may eventually also request a detailed list of*
21  *specific items that may not yet have been produced, and is requesting*
22  *that the government turn over and allow his counsel to view and inspect*
23  *all items at the earliest possible date.  He also specifically requests*
24  *that the government retain, preserve and prevent from destruction, all*
25  *evidence seized in this case (Including the weapons and ammunition) so*
26  *that counsel may have the opportunity to re-test it and have it's own*
27  *expert examine it if necessary.*

28       (1) Mr. Jimenez Ruiz's Statements.  The government must disclose:

1   (1) copies of any written or recorded statements made by Mr. Jimenez
2   Ruiz; (2) copies of any written record containing the substance of any
3   statements made by Mr. Jimenez Ruiz; and (3) the substance of any
4   statements made by Mr. Jimenez Ruiz which the government intends to use,
5   for any purpose, at trial. **This includes any hand-written notes made**
6   **by agents and any co-conspirator's or material witness alleged**
7   **statements as well, as well as any video or audio recorded statements.**
8   See Fed. R. Crim. P. 16(a)(1)(A).  Mr. Jimenez Ruiz also specifically
9   requests that the circumstances surrounding any alleged waiver of his
10  right to counsel and right to remain silent be disclosed as well.

11      Statements of Others; the defense moves for an order directing the
12  government to permit the defense to inspect and copy any statements of
13  any co-defendant or co-conspirator, material witness, or confidential
14  informant that the government intends to offer against defendant under
15  Fed. R. Evid. 801(d)(2)(E), including, but not limited to:

16      (A)  Relevant written or recorded statements made by any co-
           defendant or claimed co-conspirator, indicted or
17           unindicted, that are in the government's possession,
           custody, or control, or that through due diligence may
18           become known to the government; and

19      (B)  The substance of any oral statement that the government
           intends to offer in evidence at the trial of this matter
20           made by any co-defendant or claimed co-conspirator,
           indicted or unindicted, before or after arrest, in
21           response to interrogation by any person known to the
           declarant to be a government agent.
22

23      (2)  Mr. Jimenez Ruiz's Prior Record.  Mr. Jimenez Ruiz requests
24  complete disclosure of his prior record if one exists.  See Fed. R.
25  Crim. P. 16(a)(1)(B).

26      (3)  Documents and Tangible Objects.  Mr. Jimenez Ruiz requests
27  the opportunity to inspect, copy, and photograph all documents and
28  tangible objects which are material to the defense or intended for

use in the government's case-in-chief or were obtained from or belong to him.  <u>See</u> Fed. R. Crim. P. 16(a)(1)(C).

(4)  <u>Reports of Scientific Tests or Examinations</u>.  Mr. Jimenez Ruiz requests the reports of all tests and examinations which are material to the preparation of the defense or are intended for use by the government at trial.  <u>See</u> Fed. R. Crim. P. 16(a)(1)(D).  Mr. Jimenez Ruiz notes that no fingerprint analyses have been produced. If such analyses exist, Mr. Jimenez Ruiz requests a copy.

(5)  <u>Expert Witnesses</u>.  Mr. Jimenez Ruiz requests the name and qualifications of any person that the government intends to call as an expert witness.  <u>See</u> Fed. R. Crim. P. 16(a)(1)(E).  Mr. Jimenez Ruiz requests written summaries describing the bases and reasons for the expert's opinions.  <u>See id.</u>  This request applies to any fingerprint and handwriting experts that the government intends to call.

(6)  <u>Brady Material</u>.  Mr. Jimenez Ruiz requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or punishment.  <u>See</u> <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Williams v. Taylor</u>, 120 S.Ct. 1479 (2000), <u>Strickler v. Greene</u>, 527 U.S. 263 (1999).

Impeachment evidence falls within the definition of evidence favorable to the accused, and therefore Mr. Jimenez Ruiz requests disclosure of any impeachment evidence concerning any of the government's potential witnesses, including prior convictions and other evidence of criminal conduct.  <u>See</u> <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976); <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995).

In addition, Mr. Jimenez Ruiz requests any evidence tending to

show that a prospective government witness: (I) is biased or prejudiced against the defendant; (ii) has a motive to falsify or distort his or his testimony; (iii) is unable to perceive, remember, communicate, or tell the truth; or (iv) has used narcotics or other controlled substances, or has been an alcoholic. *This would specifically include any and all reports involving any investigations and grand jury testimony pertaining to the investigating and arresting agents or confidential sources in this case.*

(7)  <u>Request for Preservation of Evidence</u>.  Mr. Jimenez Ruiz specifically requests the preservation of all physical or documentary evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case.

(8)  <u>Any Proposed 404(b) Evidence</u>.  "[U]pon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Rule 404(b).  Fed. R. Evid. 404(b).  Mr. Jimenez Ruiz requests such notice as soon as possible, in order to allow for adequate trial preparation.

(9)  <u>Witness Addresses</u>.  Mr. Jimenez Ruiz requests the name and last known address of each prospective government witness.  He also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.

(10)  <u>Jencks Act Material</u>.  Mr. Jimenez Ruiz requests production in advance of trial of all material discoverable pursuant to the Jencks Act, 18 U.S.C. § 3500.  This production will avoid needless delays at pretrial hearings and at trial.  ***This request includes any***

1  *"rough" notes taken by the agents in this case*; these notes must be

2  produced pursuant to 18 U.S.C. § 3500(e)(1).  *This request also*

3  *includes production of transcripts of the testimony of any witness*

4  *before the grand jury.  Counsel would like access to all witnesses'*

5  *last known address so an attempt can be made to contact them.*  <u>See</u> 18

6  U.S.C. § 3500(e)(3).

7      (11)  <u>Residual Request</u>.  Mr. Jimenez Ruiz intends by this

8  discovery motion to invoke his rights to discovery to the fullest

9  extent possible under the Federal Rules of Criminal Procedure and the

10  Constitution and laws of the United States.  Mr. Jimenez Ruiz

11  requests that the government provide his and his attorney with the

12  above-requested material sufficiently in advance of trial.

13      (12) <u>Government Examination of Law Enforcement Personnel Files</u>

14  Mr. Jimenez Ruiz requests that the government examine the personnel

15  files and any other files within its custody, care or control, or

16  which could be obtained by the government, for all testifying

17  witnesses.  Mr. Jimenez Ruiz requests that these files be reviewed by

18  the government attorney for evidence of perjurious conduct or other

19  conduct like dishonesty, or any other material relevant to

20  impeachment, or any information that is exculpatory, pursuant to its

21  duty under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

22      The obligation to examine files arises by virtue of the defense

23  making a demand for their review:  the Ninth Circuit in <u>Henthorn</u>

24  remanded for <u>in camera</u> review of the agents' files because the

25  government failed to examine the files of agents who testified at

26  trial.  This Court should therefore order the government to review

27  all such files for all testifying witnesses and turn over any

28  material relevant to impeachment or that is exculpatory to Mr.

07cr3416

Jimenez Ruiz prior to trial.  Mr. Jimenez Ruiz specifically requests that the prosecutor, not the law enforcement officers, review the files in this case.  The duty to review the files, under <u>Henthorn</u>, should be the prosecutor's and not the officers'.  Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.

**III.**

**THE COURT SHOULD GRANT LEAVE TO FILE FURTHER MOTIONS**

In order to properly present additional pretrial motions, Mr. Jimenez Ruiz needs more information which may be provided through counsel's discovery request. As more information comes to light and as additional research and/or investigation is completed, additional substantive motions may be necessary. Accordingly, Mr. Jimenez Ruiz requests that the Court permit his to file further motions before trial.

**IV.**

**CONCLUSION**

For the foregoing reasons, Mr. Jimenez Ruiz respectfully requests that the Court grant his motions.

**Respectfully submitted,**

Dated:  **January 11, 2008**                    s/ *Holly S. Hanover*
                                                Holly S. Hanover
                                                Attorney for Mr. Luis Gilberto Jimenez Ruiz
                                                E-mail: Netlawyr@aol.com