1  KAREN P. HEWITT
   United States Attorney
2  PAUL L. STARITA
   Assistant U.S. Attorney
3  California State Bar No. 219573
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6507

6  Attorneys for Respondent
   United States of America
7

8                        UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10 | LUIS GILBERTO JIMENEZ-RUIZ,     )   Civil Case No. 08CV1298-DMS
                                    )   [Related to Criminal Case 07CR3416-DMS]
11 |                     Petitioner, )
                                    )
12 |        v.                      )   UNITED STATES' RESPONSE AND
                                    )   OPPOSITION TO PETITIONER'S
13 | UNITED STATES OF AMERICA,      )   PETITION TO VACATE, SET ASIDE,
                                    )   OR CORRECT THE SENTENCE
14 |                     Respondent. )   PURSUANT 28 U.S.C. § 2255
                                    )
15

16       COMES NOW the respondent, UNITED STATES OF AMERICA, by and through its counsel,

17 Karen P. Hewitt, United States Attorney, and Paul L. Starita, Assistant United States Attorney, in

18 response and opposition to motion to vacate, set aside, or correct his sentence pursuant to Title 28,

19 United States Code, Section 2255, by Petitioner, Luis Gilberto Jimenez-Ruiz. This response and

20 opposition is based upon the files and records of this case, together with the attached memorandum of

21 points and authorities.

22 //

23 //

24 //

25 //

26 //

27 //

28 //

# I

# INTRODUCTION

The United States opposes Petitioner Luis Gilberto Jimenez-Ruiz's ("Petitioner") motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence of 37 months in custody, to be followed by 3 years of supervised release, resulting from his conviction for illegal alien in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2). Petitioner requests a reduction in his sentence for health and family reasons. None of which are compelling. Regardless, Petitioner entered into a Plea Agreement with the United States and has waived his right to collaterally attack his sentence. Thus, the Court should deny his petition.

# II

# STATEMENT OF THE CASE

**A.   PROCEEDINGS AND DISPOSITION IN THE DISTRICT COURT**

On December 19, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging Petitioner with illegal alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2). [CR 5.] On December 20, 2007, Petitioner was arraigned on the indictment and entered a plea of not guilty to all counts. [CR 6.]

On March 27, 2008, pursuant to a Plea Agreement, Petitioner pled guilty to the sole count in the Indictment. [CR 14-18.] In this Plea Agreement at section XI, Petitioner specifically agreed to waive appeal and collateral as follows:

# XI

# DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the court imposes a custodial sentence greater than the higher of the guideline range recommended by the Government pursuant to this plea agreement at the time of sentencing or statutory mandatory minimum term, if applicable. If the custodial sentence is greater than the high end of that range, the defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord with this agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

[CR 16, p. 8].

B.   **POST-CONVICTION PROCEEDINGS BEFORE THE DISTRICT COURT**

On June 13, 2008, at the sentencing hearing, this Court sentenced Petitioner to 37 months imprisonment followed by 2 years of supervised release. [CR 23.] Petitioner was sentenced to nine months less custody than was contemplated and agreed to by the parties in the Plea Agreement.

### III

### STATEMENT OF FACTS

On December 4, 2007, at approximately 2136, California Highway Patrol Officer Flores observed Petitioner traveling eastbound on Cole Road, Imperial Valley, California, in a white Ford F-150 pick-up. Petitioner drifted across a lane without signaling in front of another vehicle which caused the other vehicle to apply its brakes. Witnessing this unsafe lane change, Officer Flores initiated an enforcement stop. When Officer Flores approached Petitioner, Petitioner, stated in Spanish, "I'm sorry, Officer." Officer Flores asked for his driver's license and registration. Petitioner replied that he did not have a license and that he was illegal and did not have documents for the vehicle and claimed that the vehicle belonged to a friend. When asked for the name of the friend, Petitioner became nervous and could not provide a name. Officer Flores then asked where Petitioner was headed and Petitioner replied that he was going to Mexicali to run errands. Officer Flores asked what type of errand and Petitioner replied that he was supposed to deliver some weapons that were in a box in the backseat of the truck. Officer Flores observed a piece of carpet draped over a box in the backseat and asked Petitioner if he was certain that the box contained weapons and Petitioner replied "yes, if I would have been successful in getting the weapons across the border to my friend, he was going to arrange to have my family crossed into the United States as payment to me." At this point, Officer Flores directed Petitioner to exit the vehicle and informed him that he was being detained based on his statements. Officer Flores examined the contents of the box and found numerous assault rifles and boxes of ammunition. Officer Flores then turned Petitioner and the weapons over to agents from Immigration and Customs Enforcement ("ICE").

On December 5, 2007, at approximately 1:30 a.m., ICE agents advised Petitioner of his Miranda rights in the Spanish language. Petitioner stated that he understood his rights, he was willing to waive his rights, and he was willing to answer the agents' questions. In sum, Petitioner admitted that he was

an illegal alien and that he was transporting weapons to Mexico.

## IV

## **ARGUMENT**

**A.    WAIVER**

    1.    <u>Petitioner Waived His Right To Collaterally Attack His Sentence</u>

Petitioner waived his right to collaterally attack the sentence as part of his Plea Agreement. The Ninth Circuit Court of Appeals has upheld the validity of waivers of appeal and has determined that "public policy strongly supports plea agreements, such as the one made by [defendant]." <u>United States v. Navarro-Botello</u>, 912 F.2d 318, 321 (9th Cir. 1990). Negotiating such waivers is a proper and sensible part of the plea bargaining process and helps ensure the important benefit of finality. <u>See</u> <u>Navarro-Botello</u>, 912 F.2d at 322. Courts will generally enforce a defendant's waiver of his right to appeal if (1) the waiver is knowingly and voluntarily made, and (2) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal. <u>See</u> <u>United States v. Nunez</u>, 223 F.3d 956, 958 (9th Cir. 2000). Applying these principles to the instant case, it is clear that Petitioner has waived his right to challenge this conviction and sentence.

    2.    <u>The Waiver Here Was Knowing And Voluntary</u>

An express waiver of the right to appeal in a negotiated plea agreement is valid if knowingly and voluntarily made. <u>See</u> <u>United States v. DeSantiago-Martinez</u>, 38 F.3d 394, 395 (9th Cir. 1992). A reviewing court looks to the circumstances that surround the signing and entry of the plea agreement to determine whether a defendant agreed to its terms knowingly and voluntarily. <u>See</u> <u>United States v. Baramdyka</u>, 95 F.3d 840, 843 (9th Cir. 1996). It is also relevant to determine whether the district court informed the defendant of his appellate rights and verified his intent to forfeit them. <u>See</u> <u>United States v. Anglin</u>, 215 F.3d 1064, 1066 (9th Cir. 2000).

As discussed above, Petitioner entered into a written Plea Agreement with the advice and consent of his attorney. [CR 16.] In that Plea Agreement, Petitioner represented that the plea was knowing and voluntary [CR 16, p. 4], that he fully understood the agreement [CR 16, p. 9], and that he was satisfied with the representation of his attorney [CR 16, p. 9].

Further, as discussed above, the Plea Agreement specifically provides for a waiver of collateral

1 attack of Petitioner's conviction and sentence unless this Court imposed a sentence in excess of the high
2 end of the advisory guideline range based on the offense level recommended by the Government in the
3 Plea Agreement. However, Petitioner now breaches this agreement by filing this petition. "Compliance
4 with [the plea agreement's] terms is expected of both the defendant and the government." United States
5 v. Castro-Cervantes, 927 F.2d 1079, 1082 (9th Cir. 1990). This Court should enforce Petitioner's
6 waiver and dismiss his petition.

       3.     The Language Of The Plea Agreement Supports Finding A Waiver

8     A plea agreement is contractual in nature and is measured by contractual standards. See
9 United States v. Clark, 218 F.3d 1092, 1095 (9th Cir. 2000). This Court should look to what the parties
10 reasonably understood the terms of the agreement were in deciding whether Petitioner waived his right
11 to bring this petition. See United States v. Torres, 999 F.2d 376, 378 (9th Cir. 1991). Contract
12 principles are applied to determine whether the agreement, by its terms, waives the right to collateral
13 attack or appeal. See Nunez, 223 F.3d at 958. In applying those principles, "the terms of the agreement,
14 if disputed, are to be determined by objective standards." United States v. Gerace, 997 F.2d 1293, 1294
15 (9th Cir. 1993) (citations omitted). The terms of the plea agreement can be objectively determined by
16 reference to the plain language of the plea agreement. See United States v. Goroza, 941 F.2d 905, 909-
17 10 (9th Cir. 1991).

18     In this case, based on the clear language of the Plea Agreement cited above, the Government and
19 Petitioner both contemplated that Petitioner would not file any collateral attacks on his conviction and
20 sentence if the Court imposed a sentence less than the high end of the advisory guideline range for a
21 Total Offense Level 23, which carried a range of 46 to 57 months at a Criminal History Category of I.
22 Any contrary assertion would render the waiver meaningless. See United States v. Schuman, 127 F.3d
23 815, 817 (9th Cir. 1997) (rejecting argument that waiver did not extend to appeals of incorrect
24 sentencing guidelines application for it would render waiver meaningless).

25     Here, this Court sentenced Petitioner to 37 months custody, to be followed by 2 years of
26 supervised release. [CR 23.] It cannot be disputed that the "bargained-for quid pro quo" of the written
27 agreement, as understood by the parties, would be Petitioner's unassailed sentence and conviction
28 because of the judgment rendered by this Court. See United States v. Escamilla, 975 F.2d 568, 571 (9th

Cir. 1992). Moreover, a waiver of appeal cannot be circumvented by filing a section 2255 motion. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). In Abarca, the defendant asked the district court to reduce his sentence due to newly discovered, partially exculpatory evidence. The Ninth Circuit affirmed the district court's finding, reiterating the holding in United States v. Navarro-Botello, 912 F.2d 318 (9th Cir. 1990), that a knowing and voluntary wavier of a right to appeal is valid. Such a waiver applies to 28 U.S.C. § 2255 proceedings. See Abarca, 985 F.2d at 1014.

In sum, Petitioner validly waived his right to collaterally attack the conviction and sentence voluntarily and knowingly. Accordingly, his petition should be dismissed.

### B.  NO HEARING IS NECESSARY HERE

A district court may not deny a section 2255 petition without a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. To warrant an evidentiary hearing, a petitioner must "make specific factual allegations which, if true, would entitle him to relief." Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982); see also United States v. Keller, 902 F.2d 1391, 1395 (9th Cir. 1990).

When case records are sufficiently developed to conclusively show that a petitioner is not entitled to relief, the district court may dismiss the claim without a hearing. See Shah v. United States, 878 F.2d 1156, 1158 (9th Cir. 1989). Here, Petitioner's claim does not merit an evidentiary hearing because he has not stated any factual basis which, if true, would entitle him to relief. Accordingly, the Court should deny the petition without a hearing.

## V

## CONCLUSION

Because Petitioner expressly waived any right to collaterally attack his conviction and sentence, this petition should be dismissed with prejudice.

Dated:   August 11, 2008               Respectfully Submitted,

                                       KAREN P. HEWITT
                                       United States Attorney


                                       /s/ *Paul L. Starita*
                                       PAUL L. STARITA
                                       Assistant U.S. Attorney

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS GILBERTO JIMENEZ-RUIZ,<br><br>            Petitioner,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | Civil Case No. 08CV1298-DMS<br>[Related to Criminal Case 07CR3416-DMS]<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

I, PAUL L. STARITA, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **UNITED STATES' RESPONSE AND OPPOSITION TO PETITIONER'S PETITION TO VACATE, SET ASIDE, OR CORRECT THE SENTENCE PURSUANT 28 U.S.C. § 2255** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1.    Mark A. Chambers, Esq.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

1.    Luis Gilberto Jimenez-Ruiz
      05765298-SPA
      P.O. Box 6900
      Florence, AZ 85232

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 12, 2008.

                                                              /s/ *Paul L. Starita*
                                                              PAUL L. STARITA